USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___4/21/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIE F. GALARZA

                              Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

25 Civ. 416 (NSR)(JCM)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Marie F. Galarza ("Plaintiff") brings this action under 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security (the "Commissioner"), which denied Plaintiff's application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). (Compl., ECF No. 1.) Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the matter was referred to Magistrate Judge Judith C. McCarthy ("MJ McCarthy") to issue a Report and Recommendation ("R&R"). (ECF No. 6.)

Now before the Court is MJ McCarthy's R&R (R&R, ECF No. 18), recommending that Plaintiff's motion for judgment on the pleadings (Pltf. Mot., ECF No. 14) be denied and the Commissioner's decision be affirmed. Plaintiff timely filed objections to MJ McCarthy's R&R on February 18, 2026. (Pltf.'s Obj., ECF No. 19.) The Commissioner filed a response on March 2, 2026. (Commissioner Reply, ECF No. 20.) For the following reasons, the Court adopts MJ McCarthy's R&R in its entirety and DENIES Plaintiff's Motion.

The Court presumes familiarity with the factual and procedural background of this case, including the entire administrative record and the facts surrounding Plaintiff's medical history.

1

## LEGAL STANDARDS

### A. Standard of Review

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") *(quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989).

To the extent a party makes specific objections to an R&R, those objections must be reviewed de novo. 28 U.S.C. 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a de novo review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdish*, No. 04 CIV. 5061 (RJH), 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent a party "makes only general and conclusory objections . . . or simply reiterates the original arguments,

2

the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04 CIV.5066 HB FM, 2008 WL 772568, at \*6 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis,* No. 03 Civ. 1446, 2007 WL 152136, at \*2 (S.D.N.Y. Jan. 28, 2007) (citation omitted).

## B. Disability Benefits

To be eligible to receive Disability Insurance Benefits ("DIB"), a claimant must be disabled within the meaning of the Act. *See* 42 U.S.C. §§ 423(a), (d). To be deemed disabled within the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the initial burden of proof and must demonstrate his or her disability status by presenting "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged." 42 U.S.C.A. § 423 (d)(5)(A); *see also Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir.1983). A claimant's subjective complaints of pain without more, is insufficient to meet the requisite showing. 42 U.S.C.A. § 423 (d)(5)(A).

When evaluating a claim of disability, the Administrative Law Judge ("ALJ") is required to undertake a five-step procedure set out in the regulations governing the administration of Social Security benefits. 20 C.F.R. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If not, the second step requires the ALJ to consider whether the claimant has a "severe impairment" that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii).

If the claimant does suffer such an impairment, the third step requires the ALJ to determine whether this impairment "meets or equals a listed impairment in Appendix 1" of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets or equals one of those listed, the claimant is presumed to be disabled "without considering the [claimant's] age, education, and work experience." *Id.* At the fourth step, the ALJ must consider the claimant's residual functional capacity ("RFC") and past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If it is determined that the claimant can still perform relevant work, he or she will be found not to be disabled (*see* paragraphs (f) and (h) of this section and § 404.1560(b)). *Id.* Lastly, if the claimant is disabled, the ALJ must determine whether he or she can perform any other work. 20 C.F.R. § 404.152(a)(4)(v). With respect to the last step, the burden shifts to the Commissioner. *Id.*

<u>**DISCUSSION**</u>

Plaintiff raises two objections: that the ALJ failed to account for certain mental limitations, and that the ALJ erred in concluding that Plaintiff could perform light work despite moderate physical limitations. (Pltf.'s Obj. at 2–9.) Neither warrants remand.

Where a party objects to an R&R, the Court reviews de novo those portions to which specific objections are made and the remainder for clear error. *Harris v. Burge*, 2008 WL 772568, at \*6. In either case, the Court's role is limited to determining whether the ALJ's decision is supported by substantial evidence and free of legal error. *Id*.

**A.  Plaintiff's Mental Residual Functional Capacity ("RFC")**

Plaintiff contends that the ALJ committed reversible error by finding the opinions of consultative and state agency psychologists "persuasive" while failing to incorporate certain limitations—namely, limitations relating to Plaintiff's ability to perform even simple instructions—into the residual functional capacity ("RFC"). (Pltf.'s Obj. at 2-6.) This argument fails.

As MJ McCarthy correctly explained, the ALJ did not entirely adopt those opinions. (R&R at 39.) Rather, the ALJ found them persuasive only insofar as they supported limitations in broad functional domains—such as understanding, memory, and concentration—and expressly declined to adopt imprecise terminology such as "moderate" or "very short" instructions, which are not vocationally defined. (*Id.* at 34–35,39–40.) The ALJ instead translated those findings into concrete, work-related limitations, restricting Plaintiff to "simple instructions," work not performed at a production-rate pace, and only occasional interaction with others. (*Id.* at 13, 17, 32-36.)

That approach was permissible. An ALJ need not adopt every portion of a medical opinion, particularly where it uses vague or non-vocational language. *See* 20 C.F.R. § 416.920c; *see also* R&R at 32–35 (explaining that such terminology does not "articulate with precision mental functional limitations"). Moreover, the ALJ provided a record-based explanation for the limitations adopted. As the R&R details, Plaintiff's mental status examinations were largely normal, and she demonstrated the ability to manage daily activities, including childcare responsibilities and routine functioning. (*Id.* at 28–30.)

Plaintiff's contention that she is limited to "very short" or one-to-two-step tasks fails because the ALJ did not credit such a limitation. (Pltf. Obj. at 2-6.) Instead, the ALJ reasonably concluded—based on the record as a whole—that Plaintiff could perform simple work. Nor does Plaintiff's reliance on Social Security Ruling ("SSR") 96-8p alter this conclusion. Plaintiff argues that the ALJ was required to adopt or explicitly reconcile every limitation articulated by the consultative and state agency sources. (Pltf.'s Obj. at 3–4.) The ALJ did so here—identifying the portions of those opinions she found persuasive and translating them into functional restrictions. The regulations require no more.

Plaintiff's objection amounts to a disagreement with how the ALJ weighed the evidence and formulated the RFC. But "[t]he substantial evidence standard means once an ALJ finds facts, [the

5

Court] can reject those facts only if a reasonable factfinder would have to conclude otherwise." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). Plaintiff has not made that showing here.

### B. Step-Five Determination

Plaintiff next argues that the ALJ's step-five finding is flawed because the identified jobs require a reasoning level of two, which purportedly conflicts with her limitations. (Pltf.'s Obj. at 3-5.) The Court disagrees.

First, as the R&R notes, courts in this Circuit have consistently held that jobs with a reasoning level of two are compatible with limitations to simple, routine work. (*See* R&R at 35-36); *Haiss v. Berryhill*, No. 17-CV-8083 (VB)(LMS), 2019 WL 3738624, at *11 (S.D.N.Y. May 15, 2019) (collecting cases); *see also Marcano v. O'Malley*, 23 Civ. 5553 (NSR)(JCM), 2024 WL 4710184, at *9 (S.D.N.Y. June 21, 2024) ("[C]ourts in this Circuit agree that scores of SVP-2 assigned to the representative occupations by the DOT are consistent with the ability to perform simple, low-stress, unskilled work."); *Napolitano v. Kijakazi*, No. 21-CV-10470 (JLC), 2023 WL 3185511, at *17 (S.D.N.Y. May 2, 2023) (same). Second, Plaintiff's argument again depends on a limitation the ALJ did not adopt—namely, a restriction to "very short" instructions. Because the ALJ reasonably declined to include that restriction, there is no inconsistency between the RFC and the jobs identified by the vocational expert.

Plaintiff's related argument—that the ALJ failed to resolve an apparent conflict under SSR 00-4p—also fails. (Pltf.'s Obj. at 4–6.) The ALJ expressly confirmed that the vocational expert's testimony was consistent with the Dictionary of Occupational Titles, and Plaintiff identifies no actual conflict based on the limitations the ALJ adopted. (*See* R&R at 36.) The asserted conflict arises only if one assumes the existence of limitations the ALJ reasonably rejected.

Accordingly, the Court finds no error in the ALJ's step-five determination.

### C.  Physical RFC

Plaintiff also challenges the ALJ's conclusion that she can perform light work, arguing that her moderate limitations in standing and walking are incompatible with such exertion. (Pltf.'s Obj. at 6-9.) This argument also fails.

The ALJ relied on the opinion of consultative examiner Dr. Xie, who found that Plaintiff had moderate limitations in prolonged standing and walking, as well as the opinions of state agency physicians, both of which the ALJ found persuasive. (R&R at 37–40.) Courts in this Circuit have repeatedly held that moderate limitations in standing and walking are consistent with the ability to perform light work. (*Id.* at 39–40); *see also Claudene M. v. Comm'r of Soc. Sec.*, 1:24-CV-07185 (GRJ), 2025 WL 1736588, at *5 (S.D.N.Y. June 23, 2025) ("[A] number of courts have found that 'moderate' limitations for standing, walking, sitting, and lifting are consistent with the ability to do light work.") (quoting *Jordan v. Comm'r of Soc. Sec.*, 16-cv-9634 (KHP), 2018 WL 1388527, at *10 (S.D.N.Y. Mar. 19, 2018)); *see also Narcisa P. v. Comm'r of Soc. Sec.*, 1:23-CV-10962 (GRJ), 2025 WL 673475, at *4 (S.D.N.Y. Mar. 3, 2025) (same).

Plaintiff urges the Court to adopt a contrary line of authority. (Pltf.'s Obj. at 7–8.) But the existence of competing case law does not render the ALJ's determination erroneous where, as here, it is supported by substantial evidence. *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (*per curiam*) (quoting *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)). The substantial evidence standard is highly deferential and does not permit the Court to substitute its judgment for that of the ALJ where, as here, the determination is supported by "more than a mere scintilla" of evidence. *Brault,* 683 F.3d 443 at 448.

At bottom, Plaintiff asks the Court to credit a different interpretation of the medical evidence. But where the record permits more than one reasonable interpretation, the Commissioner's

determination must be upheld. Accordingly, none of Plaintiff's objections identifies legal error or undermines the substantial evidence supporting the ALJ's decision.

## CONCLUSION

For the reasons stated above, the Court adopts MJ McCarthy's R&R in its entirety. Accordingly, the Court DENIES Plaintiff's Motion and the Clerk of Court is kindly directed to terminate the motion at ECF No. 14.

Dated: April 21, 2026
     White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge